# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ZELMA M. LOEB-DEFEVER and LOEB ARCHITECTS, LLC, | § | |
| | § | |
| | § | Civil Action No. 4:19-cv-00578 |
| *Plaintiffs*, | § | Judge Mazzant |
| | § | |
| v. | § | |
| | § | |
| STRATEGIC CONSTRUCTION, LTD. d/b/a FCI MULTI-FAMILY, ET AL., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer to the Southern District of Texas (Dkt. #62). Having considered the relevant pleadings, the Court is of the opinion that the Defendants' Motion to Transfer Venue should be **GRANTED.**

## BACKGROUND

### I.  Factual Background[1]

Plaintiff Zelma M. Loeb-Defever ("Loeb") is a Texas architect. Loeb owns a company named Loeb Architects, LLC ("Loeb Architects") (together with Loeb, "Plaintiffs"). Plaintiffs filed this suit alleging copyright infringement, breach of contract, and tortious interference against numerous Defendants involved in the development, construction, and operation of a project titled Woodhaven Assisted Living and Cottages (hereinafter, "Woodhaven Project"). Defendants filed a

---

[1] Given the number of Defendants in this case, the Court notes that there are subtle differences between how Defendants are named in the complaint and how they are named in the motion. In this Order, specifically, Defendants are named as they are named in the motion.

motion to dismiss for improper venue pursuant to 28 U.S.C. § 1400(a) or, in the alternative, motion to transfer, asserting that the Southern District of Texas is a more convenient forum.

Defendant Strategic Construction, Ltd. is a Texas limited liability partnership with its office in Houston, Texas.[2]  Defendants Partin Investments, LLC, Sovereign Builders Group, Ltd. d/b/a FCI Multi-Family Builders, FCI Multi-Family GP, LLC, and FCI Multi-Family Holdings are Texas limited liability partnerships with their principal offices in Houston, Texas.  Defendants W&P 1 Holdings, Inc. and Applied Architectural Products, Inc. are Texas corporations with their principal offices in Houston, Texas.  Defendants Robert Partin and Timothy Dixon are residents of Houston, Texas.

Defendant Mako, LLC is a Texas limited liability company[3] with its sole office in Houston, Texas.  Defendants Francisco Padua, Alejandro Padua, and Antonio Padua are residents of Houston, Texas.  Defendant Cottages at Woodhaven Village, Ltd. is a terminated Texas limited partnership whose sole business was in Houston, Texas.  Defendant Ted Trout Architects & Associates, Ltd. is a Texas limited liability partnership with its sole office in Houston, Texas. Defendant Woodhaven Inmobilia, Ltd. is a Texas limited liability partnership with its sole business in Houston, Texas.  Defendant Bratten Inmobilia 2000, LLC is a Texas limited liability company with its sole business in Houston, Texas.  Defendant Inmobilia 2000, LLC is a Delaware limited liability company with its sole business in Houston, Texas.  Defendant Padua Investments, Ltd. is a Texas limited partnership with its sole business in Houston, Texas.  Defendant Luisfina Corporation is a California corporation with its sole business in Houston, Texas.

---

[2] When this suit was filed, Strategic Construction, Ltd. maintained an office in Plano, Texas (Dkt. #62-6 at ¶ 8).
[3] Defendant Mako, LLC operates under the assumed name "Padua Realty Co."

Defendant Propero Conroe, LLC is an Ohio limited liability company with its principal place of business in Columbus, Ohio.  Defendant Propero Seniors Housing Equity Fund, LLC is a Delaware limited liability company with its principal place of business in Columbus, Ohio. Defendants Texas Senior Living Operator, LLC and Texas Senior Living Manager, LLC are Texas limited liability companies with their sole businesses in Houston, Texas.  Defendant Texas Senior Living Group, LLC is a Delaware limited liability company. Defendants CPF Living Communities II-Woodhaven, LLC and CPF Living Communities II Acquisitions, LLC are Delaware limited liability companies with their principal place of businesses in Chicago, Illinois.  Defendant Grace Management, Inc. is a Texas corporation with its principal place of business in Maple Grove, Minnesota.

On the date of filing, none of the individual defendants ever maintained a domicile in the Eastern District or conducted business within the Eastern District. Moreover, out of roughly twenty-six (26) total entity Defendants, at least twenty-three (23) have never resided in the Eastern District, maintained a principal place of business in the Eastern District, or conducted business in the Eastern District.

## II.     Procedural History

On July 31, 2019, Plaintiffs filed a Complaint against Defendants in the Eastern District of Texas, Sherman Division (Dkt. #1).  On September 20, 2019, Defendants filed a Joint Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer to the Southern District of Texas (Dkt. #62).  On October 4, 2019, Plaintiffs filed a response (Dkt. #64).  On October 11, 2019, Defendants filed a Joint Reply (Dkt. #65). On April 7, 2020, Plaintiff filed a Notice of Supplemental Authority (Dkt. #78). On April 24, 2020, Defendants filed a Joint Response (Dkt. #79).

## LEGAL STANDARD

### I.  Rule 12(b)(3) Motion

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3).  Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff."  *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008).  "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue."  *Id.* (citations omitted).  The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."  *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)).  In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties."  *Ambraco*, 570 F.3d at 238.  If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

### II.  28 U.S.C. § 1400(a)

Unlike patent infringement cases, copyright infringement cases are governed exclusively by 28 U.S.C. § 1400(a) for venue purposes.  To establish venue under § 1400(a), plaintiffs must show that each defendant, or their agent, "resides" or "may be found" in the Eastern District. 28 U.S.C. § 1400(a); *see also Time, Inc. v. Manning*, 366 F.2d 690, 697 (5th Cir. 1966).

An individual resides in the district of his residence or legal domicile, *see Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 590 (E.D. La. 2013), and may be found in a district where he is subject to personal jurisdiction. *Id.*  In contrast, a corporate defendant resides

4

only in the single judicial district within that state where it maintains a principal place of business, or, absent that, the judicial district in which its registered office is located, *see In re BigCommerce, Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018), and may be found in any district where there are minimum contacts sufficient to establish personal jurisdiction. *Andra Grp., LP v. BareWeb, Inc.*, No. 4:17-CV-00815, 2018 WL 2848985, at *7 (E.D. Tex. June 11, 2018).

## III.    Pendent Venue

Pendent venue is a doctrine intended to place discretion in the courts to determine venue over claims where a court would not otherwise have it.  As of today, the Fifth Circuit has not considered this doctrine.  However, the Southern District and other circuits to decide the issue have approved the doctrine, giving the court discretion to grant it. *See Halcyon Biomedical, Inc. v. Glatt Air Techniques, Inc.*, No. CV H-19-690, 2019 WL 2420232, at *7 (S.D. Tex. June 10, 2019). Under pendent venue, a court may establish venue over state law claims that arise out of a common nucleus of operative fact with a federal claim, if the federal claim is first filed in the court of proper venue. *Id.*

## IV.    28 U.S.C. §§ 1404(a) and 1406(a)

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 313 (5th Cir. 2008).  However, there is a strong presumption in favor of a plaintiff's choice of his or her home venue, "which may be overcome only when the private and public factors [cited

below] clearly point towards trial in the alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc. v. Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the 'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974)).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citations omitted). These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Vivint La., LLC v. City of Shreveport*, CIV.A. 14-00617-BAJ, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015) (quoting *Volkswagen I*, 371 F.3d at 203).

## ANALYSIS

Defendants moved to dismiss for improper venue pursuant to 28 U.S.C. § 1400(a) or, in the alternative, transfer under 28 U.S.C. §§ 1404(a) and 1406(a). As an initial matter, the Court need not decide whether venue is appropriate in this district as to all Defendants under 1400(a) or whether pendent venue would allow the Court to keep this case, because, notwithstanding the outcome of these pending motions, the Court ultimately finds that in the interest of justice the case should be transferred to the Southern District of Texas.

The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312. Here, there is no dispute that this case could have been filed originally in the Southern District of Texas. Thus, the threshold inquiry is satisfied, and the Court next considers the public and private interest factors. After considering the public and private interest factors, the Court finds the Southern District of Texas is clearly the more convenient forum, and therefore concludes that the motion to transfer venue is granted.

## I.    Public Interest Factors

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

### (1) The Administrative Difficulties Flowing From Court Congestion

First, Plaintiffs dispute the first public interest factor.  Specifically, Plaintiffs contend that cases like this are more likely to go to trial in the Eastern District than in the Southern District. The Court disagrees.  The parties present no evidence and the court is unaware of any administrative difficulty that would flow from allowing this case to be filed in either district. Accordingly, the first factor is neutral.

### (2) The Local Interest in Having Localized Interests Decided at Home

Next, the Court finds that the second public interest factor weighs in favor of transfer.  The Court is satisfied that the Southern District has a significant factual connection to the events giving rise to this action to warrant resolving the matter. *See Volkswagen I*, 371 F.3d at 206.  Here, the project in dispute is in Conroe, Texas, a county within the Southern District.[4] *See Vine Oil & Gas LP v. Indigo Minerals, LLC*, No. 4:19-CV-00346, 2019 WL 4140842, at *6 (E.D. Tex. Aug. 30, 2019) (noting that courts have found a localized interest where the conduct giving rise to the action occurred).  Additionally, each Defendant in this lawsuit either resides or maintains an office within the Southern District.  The Court recognizes that this factor is not dispositive, nor should it be given disproportionate weight.  Nonetheless, it finds that the Southern District's interest in adjudicating this suit outweighs the Eastern District's interest, as Plaintiffs have not alleged that any of the underlying acts or omissions occurred in the Eastern District.  Therefore, on balance, the second public interest factor weighs in favor of transfer.

---

[4] This entire case is based on Plaintiffs' claims against Defendants regarding the Woodhaven Project, which is in Conroe, Texas, a county within the Southern District. *See generally* Dkt. #1.

*(3) The Familiarity of the Forum With the Governing Law and (4) The Avoidance of Unnecessary Problems of Conflicts of Law*

Finally, as both parties observe, the Eastern and Southern Districts are equally familiar with the law that will govern this case, and this case presents no problems of conflict of laws or issues related to applying foreign law.  Accordingly, the third and fourth factors are neutral.

## II.   Private Interest Factors

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  Defendants argue that all four private interest factors weigh in favor of transferring the case to the Southern District.

*(1) The Relative Ease of Access to Sources of Proof*

The first private interest factor is neutral.  For this factor to weigh in favor of transfer, the movant must show that transfer will result in more convenient access to sources of proof. *Knapper v. Safety Kleen Sys., Inc.*, No. CIV A 908-CV-84-TH, 2009 WL 909479, at *5 (E.D. Tex. Apr. 3, 2009).  "Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue," *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 869 (E.D. Tex. 2012), but when the sources of proof originate from varied locations, this factor is neutral. *See Knapper*, 2009 WL 909479, at *6.

The Court is satisfied that many documents surrounding Defendants' conduct regarding the Woodhaven Project are in Houston, Texas, making the Southern District more convenient. However, some documents are also located in states outside of Texas, (Dkt. #62-3 at ¶ 7; Dkt. #62-4 at ¶ 7, Dkt. #62-5 at ¶ 5), and transportation of these documents to the Eastern District of Texas

would be no more burdensome than transportation to the Southern District of Texas. Accordingly, the Court finds this factor is neutral.

### (2) The Availability of Compulsory Process

The second private interest factor weighs in favor of transfer. Pursuant to Federal Rule of Civil Procedure 45, a federal district court can command non-party witnesses located more than 100 miles from the courthouse to comply with a subpoena provided the witness resides, is employed, or regularly transacts business within the state and would not incur substantial expense by complying. *Potter v. Cardinal Health 200, LLC.*, No. 2:19-cv-00007, 2019 WL 2150923, at*3 (E.D. Tex. May 16, 2019) (quoting Fed. R. CIV. P. 45 (c)(1)(B)(i)—(ii)).

Turning to the present case, Defendants have identified at least five (5) key non-party witnesses whose testimony will be critical to the parties' claims and defenses, all of whom reside in the Southern District, not in the Eastern District. *See e.g.*, (Dkt. #62-1 at pp. 7–8; Dkt. #62-2 at p. 2). According to Defendants, the non-party witnesses expected to be called to testify at trial are in Conroe, Texas, Sugar Land, Texas, and Katy, Texas, all within 100 miles of the Southern District. By contrast, Conroe and Sugar Land are located approximately 264 miles and 322 miles from the Eastern District, Sherman Division, while Katy, Texas is located approximately 325 miles from the Eastern District, Sherman Division. As such, Defendants contend that the cost of attendance for these witnesses will be substantially reduced if this dispute were transferred to the Southern District. The Court agrees.

The issue here is whether traveling more than 200 miles would cause the non-party witnesses to incur substantial expense. Given the circumstances of this case, the Court finds that it would. Unlike the witnesses in *Bevill v. City of Quitman, Texas*, who would have only been required to travel 101 miles, the witnesses here would have to travel 264 and 322 miles to get to

the Eastern District, Sherman Division. No. 4:19-CV-00406, 2019 WL 6492521, at *6 (E.D. Tex. Dec. 3, 2019).[5]  This would cause the non-party witnesses in this case to incur substantial expense. Indeed, as the Court held in *Taylor v. Turner Indus. Grp., LLC*, when more non-party witnesses reside within the proposed venue, this weighs in favor of transfer. No. 2:11-cv-57, 2011 WL 13134192, *5 (E.D. Tex. June 20, 2011). Here, all potential non-party witnesses identified by Defendants reside in the Southern District, while none reside in the Eastern District.  Accordingly, the Court finds this factor weighs in favor of transfer.

*(3) Cost of Attendance for Willing Witnesses*

The third factor weighs in favor of transfer.  The convenience of non-party witnesses, rather than that of party witnesses, is the more important consideration in a transfer of venue analysis. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000).  So, while the location of party witnesses may factor into transfer analysis, it is the location of key, non-party witnesses that dominates. *Id*.  Here, the party witnesses are located both in the Eastern and Southern Districts. However, following the Fifth Circuit's precedent that the convenience of the non-party witnesses is more important, the Defendants have presented evidence that many of the non-party witnesses live in or near Houston, Texas, while none are known to live in or near Sherman, Texas.  For example, according to the Defendants' declarations, OSR Construction Services, LLC's sole office is in Houston, Texas, and Bernard Adeshina is a resident of Houston, Texas, which is located roughly 300 miles from the federal courthouse in Sherman.  Bleyl & Associates maintains its principal place of business in Conroe, Texas, and Mike Kelly and John Bleyl are both residents of Conroe, Texas, which is located roughly 260 miles from the federal courthouse in Sherman.  Other potential non-party witnesses include Sean Ratterree, Angelica Batac, Cesar Corrales, Jon Pollock,

---

[5] Though the Court recognizes that Bevill is a case about intra-district transfer, the analysis is still pertinent.

11

Giovanni Fazzolari, all who reside in Houston, Texas, which, as previously stated, is located roughly 300 miles from the federal courthouse in Sherman.  Conversely, Plaintiffs do not identify any non-party witnesses, let alone any located in Sherman.

Further, although Defendants do not fully outline the testimony of their potential witnesses, they do provide their names, making this case slightly distinguishable from *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (noting that defendants provided neither the name of their potential witnesses nor the substance of their anticipated testimony). Most notably, Plaintiffs do not dispute that these witnesses are potential key witnesses in this case. Indeed, the Court is satisfied that the witnesses identified by the Defendants are critical to determining the outcome of this case. *See Perritt v. Jenkins*, No. 4:11-CV-23, 2011 WL 3511468, at *4 (E.D. Tex. July 18, 2011), report and recommendation adopted, No. 4:11-CV-23, 2011 WL 3511465 (E.D. Tex. Aug. 11, 2011) (noting that although it was not clear how the testimony of each witness would be relevant to the case, the court still determined that the witnesses identified appeared to have some relevance to the subject matter of the dispute).   Furthermore, the Court is not persuaded by Plaintiffs' assertion that this factor weighs against transfer simply because Defendants failed to state how much travel will cost.  As noted above, Defendants do present evidence that the non-party witnesses live in Houston, Texas, *see e.g.*, (Dkt. #62-1 at pp. 7–8; Dkt. #62-2 at p. 2), while none stay in or near Sherman, Texas.  According to *Volkswagen I*, "when the distance between an existing venue for trial of a matter and a proposed venue …is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–05.  The court said further that, 'it is an "obvious conclusion' that it is more convenient for witnesses to testify at home and that [a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging

expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*. at 205. As to the witnesses identified by Defendants, it is apparent that it would be more convenient for them if this case is tried in the Southern District, as the Sherman Division is roughly 250-300 miles from where the witnesses are located. Accordingly, the Court finds this factor weighs in favor of transfer.

### *(4) All Other Practical Problems*

The Court finds that the fourth factor weighs in favor of transfer. Although the Court recognizes that Plaintiffs' small business would arguably be inconvenienced if trial is held in the Southern District, the Court is not persuaded that this is enough to carry the day considering that, due to the number of Defendants in this case, Defendants would be equally inconvenienced—if not more—if trial is held in the Eastern District. As such, having the trial in the Southern District would be easier, more expeditious, or less expensive than it would be if tried in the Eastern District because many of the documents relevant to this lawsuit are located in the Southern District; an overwhelming majority of the Defendants in this lawsuit are located in the Southern District, while none are located in the Eastern District; and all of the non-party witnesses are located in the Southern District, which is roughly 250-300 miles from the Sherman Division. Further, Plaintiffs' choice of venue—the Eastern District—has little to no factual nexus to the present case, thereby making Plaintiffs' choice less significant. *Volkswagen II*, 545 F.3d at 315–18. Therefore, on balance, the Court finds that the fourth factor weighs in favor of transfer.

The Court finds that four (4) of the private and public interest factors are neutral, four (4) factors weigh in favor of transfer, and no factor weighs against transfer. Therefore, the Court finds that in the interest of justice, the Southern District is clearly the more convenient forum for this

litigation. *Volkswagen II*, 545 F.3d at 31.   Accordingly, Defendants' motion to transfer venue should be **GRANTED.**

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Transfer Venue (Dkt. #62) is **GRANTED**.   Accordingly, the Court in its discretion transfers this case to the Southern District of Texas, Houston Division.

   **IT IS SO ORDERED.**

   **SIGNED this 14th day of May, 2020.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE