IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZELMA M. LOEB-DEFEVER, *et al.*, | § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:20-cv-01981 |
| STRATEGIC CONSTRUCTION, LTD. d/b/a FCI MULTI-FAMILY, *et al.*; | § § § § | JURY |
| Defendants. | § § | |

## PLAINTIFF'S AMENDED MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE GEORGE HANKS:

Plaintiffs Zelma M. Loeb-Defever and Loeb Architects, LLC files this amended Motion in Limine. Plaintiffs seeks to exclude matters that are inadmissible, irrelevant, confusing, or prejudicial to the material issues in this case. If Defendants inject these matters into the trial of this case through a party, an attorney, or a witness, defendants will cause irreparable harm to Plaintiffs' case, which no jury instruction would cure. If these matters are directly or indirectly brought to the attention of the jury, Plaintiffs would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiffs moves in limine to exclude the following:

1. **Any testimony by expert witnesses repeating inadmissible hearsay, and any inadmissible hearsay documentary evidence offered through expert witnesses, unless it is first established that the probative value of the information in assisting the jury to evaluate the expert's opinion substantially outweighs its prejudicial effect.**

Fed. R. Evid. 703 allows an expert, under some circumstances, to rely on otherwise inadmissible evidence. The Rule does not make such evidence automatically admissible. "Rule 703 'was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.'" *Factory Mutual Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 523-24 (5th Cir. 2013), quoting *Loeffel Steel Prods. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005).

"Rule 703 is intended to streamline expert testimony, not provide a back door for otherwise inadmissible evidence." *Patriot Contracting, LLC v. Star Ins. Co.*, No. 15-6634, 2018 U.S. Dist. LEXIS 236797, *11 (E.D. La. Mar. 21, 2018). That court quoted *United States v. Mest*, 789 F.2d 1069, 1074 (4th Cir. 1986): "Rule 703 . . . does not compel the admission of any evidence desired by a litigant simply because that otherwise inadmissible evidence can be styled by one expert witness as something he relied upon in reaching his opinion." *Id.* at *11, n. 18.

In *Jeanes v. McBride*, No. 16-1259, 2019 U.S. Dist. LEXIS 107318 (W.D. La. June 25, 2019), a party attempted to offer the cost estimates of an undisclosed expert through its testifying expert. The court held that Rule 703 did not authorize one expert to "parrot" the opinions of another. *Id.* at *8-9.

AGREED _____    GRANTED _____    DENIED _____

**2.    Any evidence of any summary of other information, including reports allegedly from accounting databases in the form of spreadsheets, without first having established that the requirements of Fed. R. Evid. 1006 have been met.**

Under Federal Rule of Evidence 1006, a predicate to the admission of the summary is that the documents purportedly summarized have been provided to the opposing party. In *Powell v. Penhollow*, 260 Fed. App'x 683, 687-89 (5th Cir. 2007), a copyright infringement case, the court addressed exactly the same kinds of spreadsheets that Defendants in this case rely on as alleged proof of their expenses. The court held that the defendant's overhead expense spreadsheet was not admissible because the underlying documents had not been produced. *Id.* at 687-89. The court specifically rejected the defendant's argument that "the spreadsheet was essentially something printed out of a computer, based on numbers that had previously been entered," *id.* at 688, which is identical to the creation of the Defendants' spreadsheets in this case. In this case, Defendants have not produced to Plaintiff the evidence underlying their spreadsheets.

The burden of showing that the underlying information has been made available is on the proponent of summary evidence. It is not necessary for the opposing party to request this information in discovery. *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 9 (1st Cir. 1996) (Rule 1006 operates independently of the discovery rules). No summary should be mentioned before the jury unless it is first established that the underlying evidence was made available as required by Rule 1006.

Another predicate for the admission of a summary under Rule 1006 is that the underlying documents themselves must also be admissible. *Hackett v. Housing Authority*, 750 F.2d 1308, 1312 (5th Cir. 1985) (summary was inadmissible because underlying documents were not produced and summary was also based on inadmissible hearsay). In *United States v. Hart*, 295 F.3d 451, 455-60 (5th Cir. 2002), the Fifth Circuit held that summaries were not admissible because the underlying information was not produced, and

that their admission would allow the government to offer undisclosed expert opinion in the guise of a summary.

The Ninth Circuit has explained the rationale for this requirement:

> The materials summarized by Rule 1006 evidence must themselves be admissible because a contrary rule 'would inappropriately provide litigants with a means of avoiding rules governing the admission of evidence such as hearsay." Accordingly, just as the proponent of hearsay evidence bears the burden of establishing the applicability of a hearsay exception, so too must the proponent of a Rule 1006 summary based on hearsay evidence establish that the materials summarized are admissible.

*United States v. Irvin*, 682 F.3d 1254, 1262 (10th Cir. 2012) (citation omitted). Defendants cannot satisfy Rule 1006 and their spreadsheets should be excluded from evidence.

AGREED _____ GRANTED _____ DENIED _____

3. **Any documentary evidence of any expenses or net profits of Defendants, including reports allegedly from accounting databases in the form of spreadsheets, without first having established that the requirements of Fed. R. Evid. 803(6) have been met.**

Numbers printed on spreadsheets are not automatically admissible under the business records exception to the hearsay rule. Rule 803(6) requires that the proponent establish:

> (A) the record was made at or near the time by—or from information transmitted by—a person with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business …;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certificate that complies with Rule 902(11) or (12) or with a statute permitting certification; and

>   (E) the opponent does not show that the source of information or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Defendants have not disclosed the evidence they would need to show that these spreadsheet exhibits satisfy the Rule 803(6) requirements.

>   AGREED _____   GRANTED _____   DENIED _____

**4.    Any argument or evidence of actual or statutory damages not the subject of a claim by Plaintiff in this action, including the fees Plaintiffs hypothetically could have charged and/or the revenues or profits Plaintiffs could have earned from the licensing of her designs or her copyrights.**

Plaintiffs makes no claim in this case for their actual damages as that term is used in 17 U.S.C. § 504(b). Numerous courts have granted motions in limine to exclude evidence of a copyright owner's actual damages when the owner does not seek them. *See*, *e.g.*, *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, No. 3:15CV666, Doc. 190, pp. 44-45 (N.D. Ohio Aug. 1, 2019); *Frank Betz Assocs., Inc. v. Signature Homes, Inc.*, No. 3:06-0911, 2012 WL 13041831, *31 (M.D. Tenn. April 23, 2012); *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 U.S. Dist. LEXIS 135668, *10-11, 2010 WL 5393864 (W.D. La. 2010); *Klier Advertising Co. v. James Miller Chevrolet, Inc.*, 722 F. Supp. 1544, 1546 (N.D. Ill. 1989).

When a copyright owner does not seek actual damages under § 504(b), evidence of what those actual damages might have been is not relevant to the amount of the defendant's infringer profits under § 504(b). For example, in *Allen-Myland, Inc. v. Int'l Business Machines, Inc.*, 770 F. Supp. 1014, 1016-17 (E.D. Pa. 1991), the defendant argued that IBM's claim for infringer profits should be limited to the fees IBM would have charged for

the copied microcode. The court held that this was not related to the specific elements that § 504(b) required for proof of infringer profits. *Id.* at 1016. The court continued:

> Indeed, as IBM points out, application of AMI's theory would create incentives opposite to those intended by the statute, since an infringer would keep any unjust enrichment and pay only what legitimate competitors had been paying all along: "That result would not only eliminate the statutory intent to discourage copying, it would provide an affirmative incentive to the legitimate competitor to cross the line."

*Id.* at 1017.

Plaintiffs' actual damages are also not relevant to the claim for statutory damages for violation of the DMCA. 17 U.S.C. § 1203. In *Energy Intelligence Group, Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261 (5th Cir. 2020), the court discussed the differences between the copyright infringement statutory damages under § 504(c) and DMCA statutory damages under § 1203, concluding that mitigation was not a defense to DMCA statutory damages. In explaining its holding, the court said: "***And textually, nothing in § 1203 requires statutory damages to be linked to actual damages.***" *Id.* at 276 (emphasis added).

AGREED _____        GRANTED _____        DENIED _____

5. **Any potential remedies to be decided by the Court upon findings of liability, including: (a) the minimum statutory damages under 17 U.S.C. § 1203(c)(3)(B) for each violation of 17 U.S.C. § 1202; (b) costs and attorney's fees (including any statement or argument that Plaintiff's attorneys are representing Plaintiff under a contingency fee agreement); (c) injunction, and (d) interest.**

   AGREED _____        GRANTED _____        DENIED _____

6. **Any reference to alleged poor quality of Plaintiffs' other works/projects**

   AGREED _____        GRANTED _____        DENIED _____

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, moves and prays that this Court grant his Motion in Limine and instruct the parties and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and for such other relief as it may be entitled.

Respectfully submitted,

*/s/T. Micah Dortch*
**Patrick Zummo**
State Bar No. 22293450
**LAW OFFICES OF PATRICK ZUMMO**
Two Houston Center
909 Fannin, Suite 3500
Houston, Texas 77010
(713) 651-0590 (Telephone)
(713) 651-0597 (Facsimile)
pzummo@zoomlaw.com

**T. Micah Dortch**
SD Tex. No. 630903
State Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Tel: (214) 396-9427
Fax: (469) 217-8296
mdortch@potts-law.com

**Christopher D. Lindstrom**
SD Tex. No. 33525
Texas Bar No. 24032671
**POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
(713) 963-8881
(713) 583-5388 (fax)
clindstrom@potts-law.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 10, 2021, with a copy of this document via the Court's CM/ECF system.

                                                */s/T. Micah Dortch*
                                                **TIMOTHY MICAH DORTCH**